Natalie J. Olson
ASPC-PV-Carlos-A
P.O. Box 3700
Goodyear, Arizona 85338
Plaintiff Pro Per

United States District Court
District of Arizona

| Natalie J. Olson, | No. 2:16 CV-03847-GMS-DKD |
|---|---|
| Plaintiff | Plaintiff's Request for Status of Case. |
| vs. | |
| Corizon Healthcare, et al., | |
| Defendants. | |

Plaintiff, Natalie J. Olson, in Propria Persona, hereby requests this Court to provide her with a current status of this case. This request is made on the grounds and reasons listed below in the attached Memorandum of Points and Authorities.

Dated this 27th day of April, 2018

*Natalie J. Olson*
Natalie J. Olson

1

## Memorandum of Points and Authorities

### I. FACTS

Plaintiff filed her 1st Amended Complaint on April 14, 2017, naming as Defendants: Corizon Healthcare, Inc.; Bryan Page, M.D.; Renaldo Rodriguez, P.A.; and Anthony Coleman. Corizon Healthcare, Inc. ("Corizon") filed its answer on September 18, 2017, more than five (5) months later. At that time, Corizon filed its Corporate Disclosure Statement regarding ownership of the company. Subsequent to filing its answer, Corizon filed a Motion for Summary Judgment on September 22, 2017. Plaintiff filed her Response to Corizon's Motion for Summary Judgment on October 05, 2017. Corizon filed its Reply on October 20, 2017.

Defendant Brian Page filed his Motion to Dismiss in lieu of a formal answer to the 1st Amended Complaint on September 22, 2017. On the 26th of September, 2017, Defendant Page filed a Joinder in Defendant Corizon's Motion for Summary Judgment. Three days later, Defendant Page filed a Motion to Stay Discovery pending Resolution of the above-referenced motions. Page's Motion

2

to Stay Discovery was subsequently denied by the Court. Plaintiff filed her Response to the Motion for Summary Judgment on October 05, 2017, and Page's Reply and Joinder in Corizon's Reply on October 23, 2017. Plaintiff filed her Response to Defendant Page's Motion to Dismiss on October 05, 2017.

On October 13, 2017, Plaintiff filed a Motion for Summary Judgment against Defendant Page. On November 13, 2017 Defendant Page filed his Response to Plaintiff's Motion for Partial Summary Judgment.

II. ARGUMENT

Pursuant to Rule 56, Fed. R. Civ. Proc., a Motion for Summary Judgment can only be granted when there is no dispute as to any material fact. With the Motion to Dismiss, Motion for Summary Judgment and Motion for Partial Summary Judgment, Plaintiff believes the matters have "fallen in the cracks" of the Court. It has been more than Five (5) months since the last filing and pursuant to this Court's Order of October 2, 2017

3

these matters were deemed ready for decision without oral argument "on the day following the date set for filing a Reply unless otherwise ordered by the Court." (10-02-17, Order). No orders have ever been received, nor has Plaintiff received any Minute Entries. Five months is clearly an excessive amount of time to wait for a ruling.

## III. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests this Court to grant her Motion for Status in its entirety.

Respectfully submitted this 27th day of April, 2018.

Natalie J. Olsen
Natalie J. Olson

4

Original mailed this 27th day of April, 2018 to:

U.S. District Court
401 W. Washington
Phoenix, AZ 85003

Copies mailed this 27th day of April 2018 to:

Hon. G. Murray Snow
401 W. Washington
Phoenix, AZ 85003

J. Scott Conlon
1 N. Central Ave, Ste 900
Phoenix, AZ 85004

Kathleen S. Elder
40 N. Central Ave, Ste 2700
Phoenix, AZ 85004

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Natalie Jean Olson, | No. CV-16-3847-PHX-GMS (DKD) |
| Plaintiff, | |
| v. | ORDER |
| Corizon Healthcare, et al., | |
| Defendants. | |

Defendant Corizon Healthcare[1] has filed a Motion for Summary Judgment (Doc. 17) pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## NOTICE -- WARNING TO PLAINTIFF
## THIS NOTICE IS REQUIRED TO BE GIVEN TO YOU BY THE COURT[2]

Defendants' Motion for Summary Judgment and Joinder seek to have your case dismissed for failure to exhaust prison administrative remedies as required by 42 U.S.C. § 1997e(a). A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue

---

[1] Defendant Page filed his Joinder to the Motion for Summary Judgment on September 26, 2017 (Doc. 20).

[2] *Rand v. Rowland*, 154 F.3d 952, 962 (9th Cir. 1998) (*en banc*); *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. In the exhaustion context, if Defendants produce admissible evidence demonstrating that you failed to exhaust available administrative remedies, your complaint will be dismissed without prejudice unless your response to Defendants' Motion and Joinder includes admissible evidence sufficient to show that you exhausted all available administrative remedies or that no administrative remedies were available to you. Types of admissible evidence may include copies of your grievances, grievance responses and sworn declarations.

When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the Defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

Rule 56.1(b) of the Local Rules of Civil Procedure ("LRCiv"), Rules of Practice of the U.S. District Court for the District of Arizona, also requires that you include with your response to the Motion for Summary Judgment a separate statement of facts in opposition to the Motion for Summary Judgment. Your separate statement of facts must include numbered paragraphs corresponding to the Defendants' ("moving party") separate statement of facts:

> (b) Any party opposing a motion for summary judgment shall file a statement, separate from that party's memorandum of law, setting forth: (1) for each paragraph of the moving party's separate statement of facts, a correspondingly numbered paragraph indicating whether the party disputes the statement of fact set forth in that paragraph and a reference to the specific admissible portion of the record supporting the party's position [for example, affidavit, deposition, discovery response, etc.] if the fact is disputed; and (2) any additional facts that establish a genuine issue of material fact or

otherwise preclude judgment in favor of the moving party. Each additional fact shall be set forth in a separately numbered paragraph and shall refer to a specific admissible portion of the record where the fact finds support.

LRCiv 56.1(b). You must also cite to the specific paragraph in your statement of facts that supports any factual claims you make in your memorandum of law:

> (e) Memoranda of law filed in support of or in opposition to a motion for summary judgment, including reply memoranda, shall include citations to the specific paragraph in the statement of facts that supports factual assertions made in the memoranda.

LRCiv 56.1(e).

Additionally, LRCiv 7.2(e)(1) provides:

> Unless otherwise permitted by the Court, a motion including its supporting memorandum, and the response including its supporting memorandum, may not exceed seventeen (17) pages, exclusive of attachments and any required statement of facts.

**IT IS THEREFORE ORDERED** that Plaintiff must file a response to Defendants' Motion for Summary Judgment and Joinder, together with a separate Statement of Facts and supporting affidavits or other appropriate exhibits, no later than 30 days from the date of this Order.

**IT IS FURTHER ORDERED** that Defendants may file a reply within fifteen (15) days after service of Plaintiff's response.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment will be deemed ready for decision without oral argument on the day following the date set for filing a reply unless otherwise ordered by the Court.

Dated this 2nd day of October, 2017.

David K. Duncan
United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Natalie Jean Olson,<br><br>   Plaintiff,<br><br>v.<br><br>Corizon Healthcare, et al.,<br><br>   Defendants. | No. CV-16-3847-PHX-GMS (DKD)<br><br>**ORDER** |

Defendant Page has filed a Motion to Dismiss (Doc. 19) pursuant to Rule 12(b) of the Federal Rules of Civil Procedure for failure to exhaust prison administrative remedies and failure to state a claim.

### NOTICE--WARNING TO PLAINTIFF
### *THIS NOTICE IS REQUIRED TO BE GIVEN TO YOU BY THE COURT*[1]

Defendant's Motion to Dismiss seeks to have your case dismissed for failure to exhaust prison administrative remedies as required by 42 U.S.C. § 1997e(a) and failure to state a claim. A motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure will, if granted, end your case. When deciding a motion to dismiss for failure to exhaust, the Court may consider evidence beyond your complaint, including sworn declarations and other admissible documentary evidence. Moreover, if Defendant produces admissible evidence demonstrating that you failed to exhaust available

---

[1] *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003) *overturned on unrelated grounds by Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).

administrative remedies, your complaint will be dismissed without prejudice unless your response to Defendant's Motion includes admissible evidence sufficient to show that you exhausted all available administrative remedies or that no administrative remedies were available to you. Types of admissible evidence may include copies of your grievances, grievance responses and sworn declarations.

Additionally, you must comply with the following provisions of Rule 7.2 of the Local Rules of Civil Procedure:

> (e) **Length of Motions and Memoranda.** Unless otherwise permitted by the Court, a motion including its supporting memorandum, and the response including its supporting memorandum, each shall not exceed seventeen (17) pages, exclusive of attachments and any required statement of facts. Unless otherwise permitted by the Court, a reply including its supporting memorandum shall not exceed eleven (11) pages, exclusive of attachments.
>
> . . . .
>
> (i) **Briefs or Memoranda of Law; Effect of Non-Compliance.** If a motion does not conform in all substantial respects with the requirements of this Local Rule, or if the unrepresented party or counsel does not serve and file the required answering memoranda, or if the unrepresented party or counsel fails to appear at the time and place assigned for oral argument, such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily.

LRCiv 7.2.

You must timely respond to all motions. The Court may, in its discretion, treat your failure to respond to Defendant's Motion to Dismiss as a consent to the granting of that Motion without further notice, and judgment may be entered dismissing this action without prejudice pursuant to Rule 7.2(i) of the Local Rules of Civil Procedure. *See Brydges v. Lewis*, 18 F.3d 651 (9th Cir. 1994) (*per curiam*).

**IT IS ORDERED** that Plaintiff must file a response to Defendant's Motion to Dismiss, together with copies of grievances, sworn declarations or other admissible evidence, no later than 30 days from the date of this Order.

**IT IS FURTHER ORDERED** that Defendant may file a reply within 15 days after service of Plaintiff's response.

**IT IS FURTHER ORDERED** that the Motion to Dismiss will be deemed ready for decision without oral argument on the day following the date set for filing a reply unless otherwise ordered by the Court.

Dated this 2nd day of October, 2017.

David K. Duncan
United States Magistrate Judge

MIME-Version:1.0 From:azddb_responses@azd.uscourts.gov To:azddb_nefs@localhost.localdomain Bcc: Message-Id:<16799914@azd.uscourts.gov>Subject:Activity in Case 2:16-cv-03847-GMS-DKD Olson v. Corizon Healthcare et al Order Content-Type: text/html

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

U.S. District Court

### DISTRICT OF ARIZONA

**Notice of Electronic Filing**

The following transaction was entered on 10/2/2017 at 11:09 AM MST and filed on 10/2/2017

| | |
|---|---|
| **Case Name:** | Olson v. Corizon Healthcare et al |
| **Case Number:** | 2:16-cv-03847-GMS-DKD |
| **Filer:** | |
| **Document Number:** | 24 |

**Docket Text:**
ORDER: Plaintiff must file a response to Defendant's Motion to Dismiss [19], together with copies of grievances, sworn declarations or other admissible evidence, no later than 30 days from the date of this Order. Defendant may file a reply within 15 days after service of Plaintiff's response. The Motion to Dismiss will be deemed ready for decision without oral argument on the day following the date set for filing a reply unless otherwise ordered by the Court. Signed by Magistrate Judge David K Duncan on 10/02/2017. (REK)

**2:16-cv-03847-GMS-DKD Notice has been electronically mailed to:**
Joseph Scott Conlon    sconlon@rcdmlaw.com, dfox@rcdmlaw.com, docket@rcdmlaw.com, ituuling@rcdmlaw.com
Kathleen S Elder    kelder@jshfirm.com, lhoogervorst@jshfirm.com, tmay@jshfirm.com
Sarah Ann Schade    sschade@rcdmlaw.com, dfox@rcdmlaw.com, docket@rcdmlaw.com, ituuling@rcdmlaw.com
**2:16-cv-03847-GMS-DKD Notice will be sent by other means to those listed below if they are affected by this filing:**
Natalie Jean Olson
# 286128
GOODYEAR-AZ-PERRYVILLE-ASPC-SAN CARLOS
D2-29L

SAN CARLOS UNIT
P.O. BOX 3700
GOODYEAR, AZ 85338

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1096393563 [Date=10/2/2017] [FileNumber=16799912-0] [60be6c99774705993949acd03dcb81d8632f1979d59e1ce5b1cab61e78cdf7782e eefef43e12d83ae8316817238ec79ccef683305b2ca38b389df6f3532a0bea]]